# EXHIBIT A

Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT 11/23/2026 08:49:29 AM 89864-12

CASE NO. 26-CI-__________

JEFFERSON CIRCUIT COURT
DIVISION
JUDGE ______________________

JOHN PAUL DAVIS PLAINTIFF

v.

K9s4COPS, Inc. d/b/a K9s.ORG DEFENDANT
Serve: Kristi Hoss Schiller
Registered Agent
20928 FM 2154
College Station, TX 77845

*** *** ***

**COMPLAINT**

The Plaintiff, John Paul Davis ("Plaintiff"), by counsel, for his Complaint against Defendant K9s4COPS, Inc. d/b/a K9s.Org ("Defendant" or "K9s"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff John Paul "JP" Davis is an adult individual and a resident of Jefferson County, Kentucky. Plaintiff was employed by Defendant as CEO from October 2025 until he was wrongfully terminated in breach of his contract in July 2026.

2. Defendant K9s4COPS, Inc. d/b/a K9s.Org, is a nonprofit corporation organized under the laws of the State of Texas, with its principal place of business at 3515 B Longmire Drive, Suite 342, College Station, Texas 77845.

3. This Court has subject matter jurisdiction under KRS 23A.010 because the amount in controversy exceeds the jurisdictional threshold of the District Court and the claim asserted is within the general jurisdiction of the Circuit Court.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000001 of 000010

NOT ORIGINAL DOCUMENT
11/23/2026 08:49:29 AM
89864-12

4. This Court has personal jurisdiction over the Organization under Kentucky's long-arm statute, KRS 454.210(2)(a)1. and 2., because the Organization transacted business in the Commonwealth of Kentucky and contracted to supply services in the Commonwealth. Among other things, the Organization recruited and employed Plaintiff, a Kentucky resident; entered into the Agreement with him while he lived and worked in Kentucky; directed his compensation and its communications to him in Kentucky; and engaged Kentucky vendors and held fundraisers and Board meetings in Kentucky.

5. Plaintiff's claims arise directly from the Kentucky-based employment relationship the Organization established with him. The exercise of personal jurisdiction over the Organization comports with due process.

6. Venue is proper in Jefferson County under KRS 452.460 because Plaintiff resides in Jefferson County and a substantial part of the events giving rise to Plaintiff's claims occurred in Jefferson County, including Plaintiff's performance of his employment, his receipt of the communications at issue, and the injury he suffered from his termination.

## FACTUAL BACKGROUND

7. Plaintiff is a nationally recognized fundraising strategist and nonprofit executive with more than twenty years of experience in philanthropy, public policy, and social enterprise.

8. In 2024, Plaintiff began providing fundraising and strategic consulting services to the Organization.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000002 of 000010

Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 11/23/2026 08:49:29 AM 89864-12

9. On October 21, 2024, Plaintiff's company and the Organization entered into a written consulting agreement. Plaintiff performed his consulting services from Louisville, Kentucky.

10. The consulting agreement provided that it would be governed by and construed in accordance with the laws of the Commonwealth of Kentucky.

11. Based on Plaintiff's success, the Organization's founder and members of its Board of Directors asked Plaintiff to become the Organization's Chief Executive Officer.

12. Effective October 1, 2025, Plaintiff and the Organization entered into a written Employment Agreement for the position of Chief Executive Officer (the "Agreement"). Plaintiff executed the Agreement on October 9, 2025, and Kristi Hoss Schiller executed it as Co-Chair of the Board of Directors on behalf of the Organization. A true and correct copy of the Agreement is attached to this Complaint as **Exhibit A**.

13. The Agreement established a fixed five-year term running through September 30, 2030.

14. The Agreement set an escalating annual base salary beginning at $185,000 and rising to $240,000 in the final year of the term.

15. The Agreement also provided for annual performance bonuses, employer retirement contributions, health benefits, a $10,000 annual professional development allowance, a $25,000 signing bonus, a $50,000 retention bonus, and a deferred compensation plan.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000003 of 000010

NOT ORIGINAL DOCUMENT 11/23/2026 08:49:29 AM 89864-12

16. Section 9 of the Agreement governs how Plaintiff's employment could end.

17. Section 9 permitted the Organization to terminate Plaintiff for cause for misconduct, breach of fiduciary duty, or failure to perform agreed-upon duties, and only after affording Plaintiff notice and a reasonable opportunity to cure.

18. In the alternative, Plaintiff could voluntarily end his employment upon sixty days' written notice to the Board.

19. Under Plaintiff's leadership, the Organization raised more money than in any year of its sixteen-year history.

20. Under Plaintiff's leadership, the number of the Organization's annual donors grew from approximately 200 to more than 500.

21. Under Plaintiff's leadership, the Organization established a national board of directors, instituted formal governance and regular board meetings, recruited and managed staff, hired a chief financial officer to prepare the Organization for a 2027 audit, grew its social media following and engagement by more than 20,000, and completed a rebrand from K9s4COPs to K9s.Org.

22. Plaintiff directed all of the Organization's activities, including its Kentucky activities as part of his duties. Plaintiff engaged a Somerset, Kentucky technology company for the Organization's website, retained a Kentucky grants organization, and organized fundraisers and Board meetings in Kentucky.

23. Plaintiff performed his duties as Chief Executive Officer capably and exceeded the expectations of his position.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000004 of 000010

NOT ORIGINAL DOCUMENT
11/23/2026 08:49:29 AM
89864-12

24. As Chief Executive Officer, Plaintiff instituted stricter financial controls and formal oversight over the Organization's spending.

25. Plaintiff implemented those controls because the Organization's founder and officers had been spending the Organization's funds inappropriately on personal purchases.

26. Plaintiff's imposition of financial discipline attempted to constrain that spending, which generated resistance to his leadership.

27. Plaintiff maintained a personal social media presence separate from his work for the Organization.

28. On May 1, 2026, Kristi Hoss Schiller, the Organization's founder and Co-Chair of its Board of Directors, sent Plaintiff a text message concerning his personal social media postings. A true and correct copy of that text message is attached to this Complaint as **Exhibit B**.

29. In the text message, Ms. Schiller instructed Plaintiff to "slow down on the lgbtq postings," told him that it is "hard enough to raise money," and stated that "drawing a line in the sand on opinions make others uncomfortable."

30. Ms. Schiller's message reflected the Organization's disapproval of the content of Plaintiff's personal social media activity, and Plaintiff understood the message to imply that his continued employment depended on curtailing that activity.

Presiding Judge: HON. PATRICIA "TISH" . MORRIS (630457)
COM : 000005 of 000010

NOT ORIGINAL DOCUMENT
11/23/2026 08:49:29 AM
89864-12

31. On the evening of July 9, 2026, just weeks after Ms. Schiller's message, Plaintiff received a telephone call informing him that his employment had been terminated.

32. On July 10, 2026, the Organization sent Plaintiff a termination letter signed by Ms. Schiller. A true and correct copy of the termination letter is attached to this Complaint as **Exhibit C**.

33. The termination letter stated that the Executive Committee had voted to terminate Plaintiff's employment "for Cause," effective immediately, and recited that cause existed based on "misconduct, failure to perform agreed-upon executive duties following notice and a reasonable opportunity to cure, and failures in executive leadership."

34. The termination letter did no more than restate the language of Section 9 of the Agreement. It identified no specific misconduct, no specific failure to perform, no date of any notice, and no communication affording Plaintiff an opportunity to cure.

35. The Organization never gave Plaintiff notice of any deficiency in his performance and never afforded him an opportunity to cure, as Section 9 of the Agreement required.

36. Beginning on July 10, 2026, Plaintiff repeatedly asked the Organization to identify the cause for his termination. A true and correct copy of Plaintiff's email asking the Organization to identify the cause is attached to this Complaint as **Exhibit D**.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000006 of 000010

NOT ORIGINAL DOCUMENT 11/23/2026 08:49:29 AM 89864-12

37. The Organization never responded to Plaintiff's requests and never identified any cause for his termination.

38. The Organization had no genuine cause for Plaintiff's termination within the meaning of Section 9 of the Agreement, and its stated "for Cause" basis was a pretext.

39. The Organization's decision to end Plaintiff's employment was motivated by its disapproval of the financial controls Plaintiff imposed on the spending of the founder and others, and by its disapproval of Plaintiff's status as an LGBT individual, as reflected in Ms. Schiller's May 1, 2026 text message. Neither reason is a permissible ground for a for-cause termination under Section 9 of the Agreement.

40. The Organization breached its contract with Plaintiff.

**<u>COUNT I: BREACH OF CONTRACT</u>**

41. Plaintiff realleges and incorporates by reference each preceding paragraph as if fully set forth herein.

42. The Agreement is a valid and enforceable contract between Plaintiff and the Organization.

43. Plaintiff performed his obligations under the Agreement.

44. Section 9 of the Agreement permitted the Organization to terminate Plaintiff for cause only upon a showing of misconduct, breach of fiduciary duty, or failure to perform agreed-upon duties, and only after affording Plaintiff notice and a reasonable opportunity to cure.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000007 of 000010

NOT ORIGINAL DOCUMENT 11/23/2026 08:49:29 AM 89864-12

45. The Organization purportedly terminated Plaintiff "for cause" but failed to identify that cause or provide the notice and reasonable opportunity to cure that Section 9 required.

46. No cause within the meaning of Section 9 existed for Plaintiff's termination.

47. The Organization's designation of Plaintiff's termination as one "for Cause" was a pretext invoked to avoid the Organization's obligations under the Agreement.

48. By terminating Plaintiff's employment in violation of Section 9, the Organization breached the Agreement.

49. Kentucky law implies a covenant of good faith and fair dealing in every contract. The Organization breached that covenant by designating Plaintiff's termination as one "for Cause," without notice, without an opportunity to cure, and without any identified cause, in order to avoid the compensation obligations the Agreement imposed.

50. As a direct and proximate result of the Organization's breach, Plaintiff has been deprived of the full value of the compensation and benefits he would have earned over the balance of the five-year term of the Agreement.

51. Plaintiff's lost base salary over the balance of the term is not less than $912,575. That figure reflects the escalating annual salary schedule set forth in Section 3 of the Agreement, which increased Plaintiff's base salary each year to a final-year rate of $240,000.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000008 of 000010

NOT ORIGINAL DOCUMENT
11/23/2026 08:49:29 AM
89864-12

52. Plaintiff was eligible under Section 4 of the Agreement for annual performance bonuses of up to thirty percent of his base salary. Based on his record of record-setting fundraising, the doubling of the Organization's donor base, the development of a national board of directors, and the Organization's growth under his leadership, Plaintiff was positioned to satisfy the benchmarks for those bonuses. The value of the lost performance bonuses over the balance of the term is not less than $273,772.

53. Plaintiff was further deprived of employer retirement contributions, a $50,000 retention bonus, employer-paid health benefits, a professional development allowance, and deferred compensation provided under the Agreement.

54. The total value of the compensation and benefits of which Plaintiff was deprived by the Organization's breach exceeds $1,400,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Compensatory damages for the Organization's breach of the Agreement, including the full value of the compensation and benefits due to Plaintiff over the balance of the term of the Agreement;
b. Prejudgment and postjudgment interest as allowed by law;
c. Plaintiff's costs herein expended;
d. A trial by jury on all claims so triable; and
e. Any further relief to which Plaintiff may be entitled and that the Court deems just and proper.

Presiding Judge: HON. PATRICIA "TISH" . MORRIS (630457)
COM : 000009 of 000010

NOT ORIGINAL DOCUMENT 11/23/2026 08:49:29 AM 89864-12

Respectfully submitted,

/s/ Hannah E. Wilson

Hannah E. Wilson, KBA No. 100110
ADAMS LANDENWICH LAY, PLLC
517 West Ormsby Avenue
Louisville, Kentucky 40203
(502) 561-0085
hannah@justiceky.com
*Counsel for Plaintiff JP Davis*

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000010 of 000010

Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
11/23/2026 08:49:51 AM
89864-12

# EXHIBIT A

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

EXH : 000001 of 000006

ORIGINA

# Chief Executive Officer Employment Agreement

**Between K9s.Org and J.P. Davis**

**Effective Date:** October 1, 2025
**Term:** Five (5) Years (through September 30, 2030)

### This Employment Agreement ("Agreement")

is made and entered into by and between **K9s.Org**, a nonprofit corporation ("Organization"), and **J.P. Davis** ("Employee" or "CEO"), effective as of October 1, 2025.

The Board of Directors ("Board") of K9s.Org hereby agrees to employ J.P. Davis as **Chief Executive Officer** under the terms and conditions set forth below.

## 1. Purpose and Intent

This Agreement reflects K9s.Org's commitment to fair, competitive, and performance-based compensation for its Chief Executive Officer. It is designed to:

- Reflect industry standards for nonprofit executives of similar scope and responsibility.
- Align compensation with performance, particularly around fundraising growth, board development, and national expansion.
- Support long-term stability in leadership during a critical growth phase for K9s.Org.

## 2. Position and Responsibilities

The CEO shall serve as the chief executive officer of K9s.Org, reporting directly to the Board of Directors. The CEO shall have full authority and responsibility for:

- Day-to-day management and operations of the Organization.
- Strategic planning, fundraising growth, and board engagement.
- National expansion of K9s.Org programs and partnerships.
  The CEO agrees to faithfully perform the duties of the position and to devote full time, attention, and energy to the Organization's success.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

EXH : 000002 of 000006

ORIGINA

# 3. Compensation

### Base Salary

The CEO shall receive an annual base salary as follows:

| | |
|---|---|
| 2030 | $240,000 |

Salaries shall be paid in accordance with the Organization’s regular payroll practices.

# 4. Performance-Based Incentives

The CEO shall be eligible for annual performance bonuses of up to **20–30%** of base salary, based on the following benchmarks:

**Fundraising Growth:**

- $250,000+ new revenue in a fiscal year → 5% bonus
- $500,000+ new revenue → 10% bonus
- $1,000,000+ new revenue → 20% bonus

**Additional Bonus Considerations:**

- Engagement of 90%+ of Board members in annual giving and active fundraising.
- Launch of three (3) or more new regional or national partnerships within the first three years.

# 5. Benefits and Allowances

- **Paid Time Off (PTO):** 25 days annually, increasing to 30 days beginning in Year 3.
- **Retirement Plan:** 5% employer contribution to a 401(k) or equivalent plan, rising to 7% by Year 5.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

EXH : 000003 of 000006

ORIGINA

- **Healthcare:** 100% employee coverage and 50% dependent coverage.
- **Professional Development:** $10,000 annual allowance for leadership training, conferences, or certifications.
- **Travel/Relocation Support:** As required for national expansion or organizational needs.
- **Sabbatical:** Three (3) months of fully paid leave eligible after five (5) years of continuous service.

# 6. Long-Term Incentives

- **Retention Bonus:** $50,000 lump-sum payment upon completion of five (5) years of service, contingent on achieving at least 75% of fundraising and expansion benchmarks.
- **Deferred Compensation:** A 457(b) deferred compensation plan shall be established, with employer contributions tied to fundraising performance, consistent with nonprofit executive compensation standards.

# 7. Signing Bonus

A **one-time signing bonus of $25,000** shall be paid to the CEO on or before October 1, 2025, in recognition of prior-year performance and achievements in fiscal year 2024–2025, including record fundraising performance and organizational growth milestones.

# 8. Governance, Review, and Transparency

To ensure compliance with nonprofit best practices and IRS guidelines:

- The Board's Compensation Committee shall review this Agreement alongside third-party salary benchmarking data from comparable nonprofit organizations.
- The Board shall document the comparability process and maintain transparent governance records.
- CEO compensation shall be re-evaluated every two (2) to three (3) years to remain aligned with growth, performance, and sector standards.

# 9. Termination

This Agreement may be terminated by either party under the following conditions:

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

EXH : 000004 of 000006

ORIGINA

- **By the Organization:** For cause, including misconduct, breach of fiduciary duty, or failure to perform agreed-upon duties after notice and reasonable opportunity to cure.
- **By the Employee:** With 60 days' written notice to the Board.
  If termination occurs without cause, the CEO shall be entitled to six (6) months of severance pay and continuation of health benefits during that period.

# 10. Entire Agreement

This Agreement constitutes the full and complete understanding between K9s.Org and J.P. Davis and supersedes any prior discussions or understandings regarding compensation or employment terms.

# 11. Acknowledgment

Both parties acknowledge that this Agreement represents a fair and reasonable arrangement reflecting the CEO's leadership, performance, and responsibility in guiding K9s.Org toward national growth and mission advancement.

### Signatures

**For K9s.Org**

**Kristi Schiller**
Co-Chair, Board of Directors
Date: ________________________

**Darrell Martin**
Co-Chair, Board of Directors
Date: ________________________

**Accepted and Agreed:**

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

EXH : 000005 of 000006

NOT ORIGINAL DOCUMENT 11/23/2026 08:49:51 AM 89864-12

**J.P. Davis**
Chief Executive Officer, K9s.Org
Date: ______October 9, 2025__________________

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
EXH : 000006 of 000006

Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk

Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk

# EXHIBIT B

NOT ORIGINAL DOCUMENT
11/23/2026 08:50:11 AM
89864-12




Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
EXH : 000001 of 000001

Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
11/23/2026 08:50:30 AM
89864-12

# EXHIBIT C

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

EXH : 000001 of 000004

NOT ORIGINAL DOCUMENT 11/23/2026 08:50:30 AM 89864-12

July 10, 2026

**Via Email and U.S. Mail**

Mr. John Paul Davis
1012 Hull Street
Louisville, KY 40204

**Re: Notice of Termination of Employment**

Dear Mr. Davis:
On July 9, 2026, the Executive Committee of the Board of Directors of K9s.org voted to terminate your employment as Chief Executive Officer for **Cause**, effective immediately, pursuant to Section 9 of your Employment Agreement. This letter confirms that action.

The Executive Committee determined that Cause exists based upon misconduct, failure to perform agreed-upon executive duties following notice and a reasonable opportunity to cure, and failures in executive leadership as contemplated by your Employment Agreement. Accordingly, your employment with K9s.org ended effective July 9, 2026.

**Access to Organizational Systems**
Effective immediately, your access to all K9s.org systems and accounts has been terminated, including but not limited to email, Google Workspace, shared drives, cloud storage, communication platforms, financial systems, databases, and any other organizational technology resources.

You are prohibited from accessing or attempting to access any K9s.org systems, accounts, files, databases, or electronically stored information using previously issued credentials or by any other means.

Effective immediately, you are not authorized to represent yourself as an employee, officer, director, agent, spokesperson, or representative of K9s.org in any capacity. You may not conduct business, communicate, negotiate, or enter into agreements on behalf of K9s.org or otherwise hold yourself out as having authority to act for the organization.

**Final Pay**
Your final wages, less all applicable taxes, deductions, and authorized withholdings, will be paid through ACH direct deposit on July 17, 2026, in accordance with applicable law and K9s.org's regular payroll procedures.

**Health Insurance**
Your employer-sponsored health insurance coverage will remain in effect through July 31, 2026.

Following the end of your active coverage, you will receive separate information regarding your rights to continue health insurance coverage under COBRA. If you elect continuation coverage, you will be responsible for all applicable premiums.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
EXH : 000002 of 000004

Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 11/23/2026 08:50:30 AM 89864-12

**Return Travel**
To assist with your return travel, K9s.org will reimburse the following reasonable business expenses:

- One-way coach airfare to your home airport;
- One night's hotel accommodation, not to exceed $200;
- One Uber or taxi fare to the airport; and
- One full day per diem for July 10, 2026.

Receipts for reimbursable expenses must be submitted within fifteen (15) days unless the expense was paid directly by K9s.org using a company-issued credit card.

**Company Property and Organizational Information**
Your company-issued American Express card has been canceled and may no longer be used. Please destroy the card immediately by cutting it into multiple pieces.

If you retain any K9s.org property, records, documents, donor information, financial information, passwords, emails, electronic files, confidential information, proprietary information, or other organizational materials on any personal device, personal email account, cloud storage service, or other personal media, you must immediately cease using such information and promptly return or permanently delete it, as applicable.

All organizational records, donor information, financial information, intellectual property, confidential information, proprietary information, and electronically stored information obtained or created during your employment remain the exclusive property of K9s.org.

You shall not retain, copy, download, transmit, disclose, distribute, transfer, modify, or use any such information following your separation from employment.

You are directed to preserve all K9s.org records and electronically stored information that remain in your possession and not alter, destroy, delete, or conceal any organizational information.

Within five (5) business days of receipt of this letter, please provide written confirmation that:

1. You have returned all K9s.org property in your possession;
2. You have permanently deleted all K9s.org confidential or proprietary information from your personal devices, personal email accounts, cloud storage, and other personal media; and
3. You have not retained any copies in any form.

If you later discover that you possess any K9s.org property or information, you must immediately notify the Chair of the Board so arrangements can be made for its prompt return or secure destruction.

**Continuing Obligations**
Your obligations under the Confidentiality Agreement you executed during your employment, together with any confidentiality, nondisclosure, intellectual property, conflict of interest, fiduciary, or other continuing obligations owed to K9s.org, remain in full force and effect following the termination of your employment.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
EXH : 000003 of 000004


Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT 11/23/2026 08:50:30 AM 89864-12

You are prohibited from using, disclosing, transmitting, retaining, or otherwise sharing any confidential or proprietary information belonging to K9s.org, including donor information, financial information, vendor information, strategic plans, personnel information, passwords, or other nonpublic organizational information, except as required by law.

You shall not contact donors, vendors, grantors, law enforcement partners, volunteers, employees, contractors, or other constituents on behalf of K9s.org or in any manner that suggests you continue to represent or speak for the organization.

**Employment Verification**
Consistent with K9s.org policy, responses to employment verification requests will be limited to confirmation of your dates of employment and position held.

If you have any questions regarding your final compensation, benefits, approved travel reimbursement, or return of organizational property, please contact Chris Marlin, Fractional CFO, K9s.org.

Sincerely,

**Kristi Hoss Schiller**
Founder & Co-Chair, Board of Directors
K9s.org

CC: Chris Marlin, Fractional CFO, K9s.org

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

EXH : 000004 of 000004

Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk

# EXHIBIT D

NOT ORIGINAL DOCUMENT
11/23/2026 08:50:52 AM
89864-12

**From: JP Davis <jplovesky@gmail.com>**
Sent: Friday, July 10, 2026 5:46 PM
To: Christopher Marlin <cmarlin@venturefirst.com>
Subject: Re: K9s.org - Termination Letter 07.09.26

What's the cause?

---

**From: Christopher Marlin <cmarlin@venturefirst.com>**
Sent: Friday, July 10, 2026 5:36 PM
To: JP Davis <jplovesky@gmail.com>
Subject: K9s.org - Termination Letter 07.09.26

JP –

Please see attached Termination Letter from the Board of Directors of K9s.org.

Please reach out to me with any questions so that I can communicate them to the Board.

Chris Marlin
cmarlin@venturefirst.com

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
EXH : 000001 of 000001

Filed 26-CI-009867 11/10/2026 David L. Nicholson, Jefferson Circuit Clerk

**Commonwealth of Kentucky**
**David L. Nicholson, Jefferson Circuit Clerk**

DOCUMENT NOT ORIGINAL
11/23/2026 08:52:16 AM
89864-12

**Case #:** 26-CI-009867 **Envelope #:** 15399657

**Received From:** HANNAH WILSON **Account Of:** HANNAH WILSON

**Case Title:** DAVIS, JOHN PAUL VS. K9S4COPS, INC. **Confirmation Number:** 229900705

**Filed On** 11/10/2026 3:40:11PM

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 5 | Money Collected For Others(Secretary of State Electronic Services) | $20.00 |
| 6 | Money Collected For Others(Secretary of State Service Copies) | $4.80 |
| 7 | Library Fee | $3.00 |
| 8 | Civil Filing Fee | $188.00 |
| 9 | Charges For Services(Attestation) | $0.50 |
| 10 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $356.30 |

AOC-105 Doc Code: CI
Rev. 10-26

Commonwealth of Kentucky
Court of Justice www.kycourts.gov

CR 4.02; 5.01; 5.02; 5.03; 5.04; 5.05

# CIVIL SUMMONS

Case No: **26-CI-009867**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**
Division: **CIRCUIT**

NOT ORIGINAL DOCUMENT 11/23/2026 08:51:11 AM 89864-12

*Plaintiff,* **DAVIS, JOHN PAUL VS. K9S4COPS, INC.**, *Defendant*

**Service of Process Agent for Defendant:**
**K9S4COPS, INC.**
**3515-B LONGMIRE DRIVE**
**SUITE 342**
**COLLEGE STATION, TX 77845**

Memo: Registered Agent of Service exists.

## THE COMMONWEALTH OF KENTUCKY
## TO THE ABOVE-NAMED DEFENDANT(S):

A lawsuit has been filed against you in the Court listed above. A copy of the lawsuit is attached to this summons.
**Read this summons and the attached lawsuit carefully.**

1. **You or your attorney must file a written defense (usually called an "Answer") within 20 days following the date you received this summons.** The 20 days starts to run the day after you were served. This Answer must be filed with the Circuit Court Clerk in the county listed above. **If an Answer is not filed, a default judgment may be entered against you.**
2. You or your attorney must serve a copy of your Answer on each Plaintiff by mail, hand-delivery, or any other method allowed by Kentucky Rules of Civil Procedure, Rule 5. If a Plaintiff is represented by an attorney, you must serve your Answer to the attorney instead of the Plaintiff. The name and address of each Plaintiff or Plaintiff's attorney are listed in the attached lawsuit. You must file a certificate of service, which may be filed with your Answer,stating the date you served your Answer on each Plaintiff or Plaintiff's attorney and the method you used to serve it.

Date: **11/10/2026**

*Scan the QR code to visit the KCOJ's Legal Self-Help webpage to access additional available resources*

Davis L. Nicholson
Jefferson Circuit Clerk

## Proof of Service

This Summons was:
[ ] Served by delivering a true copy and the Complaint (or other initiating document) to:

______________________________

[ ] Not Served because: ______________________________

Date ______________ Served By ______________

______________ Title

Summons ID: @00001175371
CIRCUIT: 26-CI-009867 Long Arm Statute – Secretary of State
DAVIS, JOHN PAUL VS. K9S4COPS, INC.



eFiled

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

CI : 000001 of 000001

AOC-105 Doc Code: CI
Rev. 10-26

DOCUMENT

Commonwealth of Kentucky
Court of Justice www.kycourts.gov

AM

CR 4.02; 5.01; 5.02; 5.03; 5.04; 5.05

# CIVIL SUMMONS

Case No: **26-CI-009867**
NOT ORIGINAL
Court: **CIRCUIT**
County: **JEFFERSON Circuit**
11/23/2026 08:51:48
Division: **CIRCUIT**
89864-12

*Plaintiff,* **DAVIS, JOHN PAUL VS. K9S4COPS, INC.**, *Defendant*

**Service of Process Agent for Defendant:**

**KRISTI H SCHILLER**

**20928 FM 2154**

**COLLEGE STATION, TX 77845**

Memo: Related party is K9S4COPS, INC.

## THE COMMONWEALTH OF KENTUCKY
## TO THE ABOVE-NAMED DEFENDANT(S):

A lawsuit has been filed against you in the Court listed above. A copy of the lawsuit is attached to this summons. **Read this summons and the attached lawsuit carefully.**

1. **You or your attorney must file a written defense (usually called an "Answer") within 20 days following the date you received this summons.** The 20 days starts to run the day after you were served. This Answer must be filed with the Circuit Court Clerk in the county listed above. **If an Answer is not filed, a default judgment may be entered against you.**
2. You or your attorney must serve a copy of your Answer on each Plaintiff by mail, hand-delivery, or any other method allowed by Kentucky Rules of Civil Procedure, Rule 5. If a Plaintiff is represented by an attorney, you must serve your Answer to the attorney instead of the Plaintiff. The name and address of each Plaintiff or Plaintiff's attorney are listed in the attached lawsuit. You must file a certificate of service, which may be filed with your Answer,stating the date you served your Answer on each Plaintiff or Plaintiff's attorney and the method you used to serve it.

Date: **11/10/2026**

*Scan the QR code to visit the KCOJ's Legal Self-Help webpage to access additional available resources*

Davis L. Nicholson
Jefferson Circuit Clerk

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

## Proof of Service

This Summons was:

[ ] Served by delivering a true copy and the Complaint (or other initiating document) to:

______________________________

[ ] Not Served because: ______________________________

Date ______________ Served By ______________

______________ Title

CI : 000001 of 000001

Summons ID: @00001175372
CIRCUIT: 26-CI-009867 Long Arm Statute – Secretary of State
DAVIS, JOHN PAUL VS. K9S4COPS, INC.

eFiled

NOT ORIGINAL
DOCUMENT
11/23/2026
08:52:43 AM
89864-12

Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202

| | |
|---|---|
| FROM: | SUMMONS DIVISION<br>SECRETARY OF STATE |
| RE: | CASE NO: 26-CI-009867 |
| DEFENDANT: | KRISTI H SCHILLER |
| DATE: | November 19, 2026 |
| USPS Certified Mail ID: | 9202992267700103537624 |

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

November 10, 2026

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

November 13, 2026

We are enclosing the return receipt confirming receipt of summons.

COR : 000001 of 000002

UNITED STATES POSTAL SERVICE®

November 19, 2026

Dear Secretary Of State:

The following is in response to your request for proof of delivery on your item with the tracking number: **9202 9922 6770 0103 5376 24**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | November 19, 2026, 12:38 pm |
| **Location:** | COLLEGE STATION, TX 77845 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™<br>Return Receipt<br>Return Receipt Electronic<br>Up to $100 insurance included |

## Recipient Signature

**Signature of Recipient:**

**Address of Recipient:**




Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

COR : 000002 of 000002